FILED
2017 Jan-17 PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GRETA MOSTELLA,** | ) |
| **PLAINTIFF,** | ) |
| **V.** | ) **CIVIL ACTION NUMBER:** |
| **MIDLAND FUNDING LLC,** | ) **JURY TRIAL DEMANDED** |
| **DEFENDANTS.** | ) |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Greta Mostella, by and through undersigned counsel, and for her complaint states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendants transacted business in this district, and the Plaintiff resides in this district.

## PARTIES

2. The Plaintiff is a resident and citizen of the State of Alabama, Jefferson, and is over the age of twenty-one (21) years.

3. The Defendant, Midland Funding LLC, is incorporated in Delaware and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama

Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Jefferson, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4. All events herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

5. On February 25, 2016, Defendant Midland brought a lawsuit against Plaintiff in the Small Claims Court of Jefferson County, Alabama alleging Midland owned a delinquent account between Plaintiff and Synchrony Bank, an entity not a party to this lawsuit.

6. In that lawsuit Midland claimed Mostella owed it $4,294.64.

7. Mostella denied these allegations.

8. On May 11, 2015, the Small Claims Court held a bench trial in which Midland failed to prove the $4,294.64 amount and instead entered judgment for Midland in the amount of $1,000.00.  The judgment was for $3,294.64 less than Midland wrongfully claimed Mostella allegedly owed.

9. Mostella appealed the judgement to the Circuit Court of Jefferson County, Alabama where the case was heard *de novo*.

10. Midland failed to provide any admissible evidence of its claim that Plaintiff owed Midland $4,294.64.

11. On August 17, 2016, the Circuit Court granted Mostella's Motion for Judgment on the Pleadings and entered judgement in favor of Mostella.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

12. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

13. The Defendant has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*. Specially including Defendant has misrepresented the amount of the alleged debt.

14. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, actual damages, and punitive damages.

## COUNT TWO
## NEGLIGENCE AGAINST THE DEFENDANT

15. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

16. Defendant knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

17. Defendant knew or should have known that said conduct was improper.

18. Defendant negligently failed to prevent and/or participated in improper collection activities.

19. As a result of the Defendants' negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS AGAINST THE DEFENDANT

20. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

21. Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

22. Defendant knew or should have known that said conduct was improper.

23. Defendant recklessly and wantonly failed to prevent and/or participated in improper collection activities.

24. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## MALICIOUS PROSECUTION

25. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

26. Defendant filed suit against Plaintiff in the Small Claims Court of Jefferson County, Alabama alleging Plaintiff owed it money.

27. Defendant did not have probable cause to file the lawsuit and it was filed maliciously. The Small Claims lawsuit ended in Mostella's favor.

28. Alternatively, Plaintiff alleges that, after filing the lawsuit, Defendant wrongfully maintained and prosecuted the lawsuit when it knew, or should have known that it either had no evidence to support its claims against Mostella or did not intend to present evidence at trial in order to prove its claims against Mostella.

29. As a result of Defendant's malicious prosecution of its meritless and baseless lawsuit against Plaintiff, Plaintiff was harmed.

## **AMOUNT OF DAMAGES DEMANDED**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demand a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA and state law;

B. Statutory damages;

C. Compensatory, actual and punitive damages;

D. Costs and reasonable attorney's fees;

E. Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

                         /s/ *W. Whitney Seals*
                         W. WHITNEY SEALS,
                         Attorney for Plaintiff

**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**
GRETA MOSTELLA
8003 Margaret Circle
McCalla, AL 35111

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**MIDLAND FUNDING, LLC**
c/o Registered Agent
CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104

6